TOGUT, SEGAL & SEGAL LLP
Attorneys for Albert Togut,
Chapter 7 Trustee
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In the Matter | Chapter 7 Case |
| -of- | No. 07-13532 [REG] |
| PLVTZ, INC., | |
| Debtor. | |

-----------------------------------------------------------x

| | |
|---|---|
| ALBERT TOGUT, as Chapter 7 Trustee of PLVTZ, INC., | |
| Plaintiff, | Adv. Pro. No. [_____] [REG] |
| v. | |
| CONSOLIDATED DISTRIBUTORS, INC., | |
| Defendant. | |

-----------------------------------------------------------X

**COMPLAINT TO: (I) AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550;
AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of

PLVTZ, Inc. (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP ("TS&S"), as and

for his complaint against Consolidated Distributors, Inc. ("Defendant"), alleges upon

information and belief:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. (the "Bankruptcy Code") §§502(d), 547, 548 and 550.

3. Venue in this Court is proper pursuant to 28 U.S.C. §1409 because this adversary proceeding arises under and in connection with a case under 11 U.S.C. §101, *et seq.*

4. This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F), (H) and (O).

## INTRODUCTION AND BACKGROUND FACTS

5. Plaintiff brings this adversary proceeding for an Order and Judgment of the Court against Defendant to: (a) direct the return of the avoidable transfers (the "Transfers") that were made by the Debtor to Defendant which are identified on Exhibit "1" annexed hereto; and (b) disallow any claims filed by Defendant in the Debtor's bankruptcy case (the "Claims") unless and until the Transfers are remitted to the Trustee.

6. On November 8, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2

7. On October 27, 2008 (the "Conversion Date"), this Court entered an Order that converted the Debtor's case to a liquidation case under chapter 7 of the Bankruptcy Code.

8. Plaintiff was appointed as Interim Trustee of the Debtor on the Conversion Date, duly qualified and is acting as permanent trustee of the Debtor.

## FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

9. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 8 of this Complaint as though set forth at length herein.

10. On or within ninety (90) days prior to the Petition Date, the Debtor made, or caused to be made, the Transfers to Defendant.

11. The Transfers constitute transfers of interests in the Debtor's property.

12. The Debtor made, or caused to be made, the Transfers to, or for the benefit of Defendant, a creditor of the Debtor.

13. The Debtor made, or caused to be made, the Transfers for, or on account of, antecedent debt(s) owed to Defendant prior to the dates on which the Transfers were made (the "Debt").

14. The Debtor was insolvent at the time that the Transfers were made.

15. The Transfers enabled Defendant to receive more than it would have received if: (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant had received payment of the Debt to the extent provided by the Bankruptcy Code.

16. Interest on the Transfers has accrued and continues to accrue from the date each of the Transfers was made.

17. Defendant was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

18. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and pursuant to section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiff: (i) avoiding the Transfers pursuant to Bankruptcy Code section 547(b); (ii) against Defendant in an amount not less than the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorney's fees; and (iii) directing Defendant to turn over and pay such sum to the Trustee pursuant to Bankruptcy Code section 550(a).

## SECOND CAUSE OF ACTION
### (Avoidance and Recovery of Fraudulent Transfers)

19. Pleading in the alternative, Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint as though set forth at length herein.

20. The Transfers were made within one year prior to the Petition Date.

21. The Transfers were to or for the benefit of the Defendant.

22. Upon information and belief, the Debtor received less than reasonably equivalent value in exchange for some or all of the Transfers.

23. Upon information and belief, the Debtor: (i) was insolvent on the date of the Transfers, or became insolvent as a result of the Transfers; and/or (ii) was

4

engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital at the time of, or as a result of the Transfers.

24. Based upon the foregoing, the Transfers constitute avoidable fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code and, in accordance with section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiff: (i) avoiding the Transfers pursuant to Bankruptcy Code section 548(a)(1)(B); (ii) against Defendant in an amount not less than the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorney's fees; and (iii) directing Defendant to turn over and pay such sum to the Trustee pursuant to Bankruptcy Code section 550(a).

### THIRD CAUSE OF ACTION
### (Disallowance of Claims)

25. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as though set forth at length herein.

26. Defendant is the recipient of the Transfers, which are recoverable under sections 547, 548 and 550 of the Bankruptcy Code, and Defendant has not returned the Transfers to the Debtor or to the Trustee.

27. Based upon the foregoing and pursuant to section 502(d) of the Bankruptcy Code, the Claims, if any, must be disallowed unless and until Defendant returns the Transfers to Plaintiff.

**WHEREFORE**, Plaintiff respectfully request entry of judgment on its Complaint as follows:

    a. On Plaintiff's First Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the Transfers, plus interest from the date hereof

5

until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendant to turn over such sum to Plaintiff pursuant to Bankruptcy Code sections 547(b) and 550(a);

    b. On Plaintiff's Second Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the Transfers, plus interest from the date hereof until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendant to turn over such sum to Plaintiff pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a);

    c. On Plaintiff's Third Cause of Action, in favor of Plaintiff and against Defendant disallowing the Claims unless and until Defendant returns the Transfers to Plaintiff pursuant to section 502(d) of the Bankruptcy Code; and

    d. Granting such other and further relief as this Court may deem just and proper.

DATED: New York, New York
     October 27, 2009

            ALBERT TOGUT, Chapter 7 Trustee
            By his attorneys,
            TOGUT, SEGAL & SEGAL LLP
            By:

             */s/Neil Berger*
            ALBERT TOGUT
            NEIL BERGER
            Members of the Firm
            One Penn Plaza - Suite 3335
            New York, New York 10119
            (212) 594-5000

## EXHIBIT "1"

ALBERT TOGUT, as Chapter 7 Trustee of PLVTZ, INC.
v.
CONSOLIDATED DISTRIBUTORS, INC.

| Date of Transfer | Check or Wire No. | Transfer Amount | Transfer Type |
|---|---|---|---|
| 8/13/2007 | 3043 | $39,719.76 | Check |
| 8/21/2007 | 3212 | $37,345.85 | Check |
| 8/28/2007 | 3405 | $44,475.73 | Check |
| 9/4/2007 | 3666 | $41,017.85 | Check |
| 9/11/2007 | 4101 | $40,755.50 | Check |
| 9/18/2007 | 4366 | $39,038.99 | Check |
| 9/25/2007 | 4685 | $39,324.59 | Check |
| 10/1/2007 | 4968 | $40,982.35 | Check |
| 10/11/2007 | 5312 | $42,361.97 | Check |
| 10/17/2007 | 5600 | $46,892.00 | Check |
| 10/23/2007 | 5826 | $46,033.55 | Check |
| 11/1/2007 | 6125 | $46,632.90 | Check |
| **TOTAL:** | | **$504,581.04** | |